UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SoftWriters, Inc.

                Plaintiff,

v.

IND Consulting, LLC

                Defendant.

Civil Action No.

## COMPLAINT

Plaintiff SoftWriters, Inc., by and through its undersigned counsel, brings this Complaint against IND Consulting, LLC, and in support thereof avers as follows:

## THE PARTIES

1.      Plaintiff SoftWriters, Inc. ("SoftWriters") is a corporation organized under the laws of the Commonwealth of Pennsylvania and with a principal place of business at 5800 Corporate Drive, 4th Floor, Pittsburgh, PA  15237.

2.      Upon information and belief, Defendant IND Consulting, LLC ("IND") is a limited liability corporation organized under the laws of the State of Florida with a principal place of business at 731 Shotgun Road, Sunrise, Florida  33326.

## JURISDICTION

3.      The Court has subject matter jurisdiction over this matter pursuant to 28 USC §1332(a)(1) because the action involves a dispute between citizens of different states and the amount in controversy exceeds $75,000.

## VENUE

4.      Venue is proper in this Court under 28 USC §1391(a), which provides that "[a] civil action wherein jurisdiction is found only on diversity citizenship may, except as otherwise provided by law, be brought… in (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred… or (3) a judicial district in which any Defendants are subject to personal jurisdiction at the time the actions commenced, if there is not a district in which the action may be otherwise brought."

5.      Venue in this Court is appropriate because a substantial part of the events giving rise to the claims made in this action occurred within this judicial district and the contracts at issue provide that courts in this Commonwealth have exclusive jurisdiction over any disputes arising thereunder.

## RELEVANT FACTS

6.      SoftWriters, a wholly-owned health care services subsidiary of Roper Technologies, Inc. ("Roper"), is a sister company of Managed Health Care Associates, Inc. ("MHA"), which is another health care services company owned by Roper, and is managed and controlled by MHA.

7.      SoftWriters is the leading provider of pharmacy management software designed to address the unique complexity of long term care ("LTC") pharmacy administration through defined, streamlined, end-to-end pharmacy workflows and by facilitating direct connectivity between LTC facilities and the pharmacies that support them.

8.      SoftWriters' flagship product, FrameworkLTC®, facilitates the unique day-to-day operations of LTC pharmacies by streamlining both standard processes and nonstandard transactions.

9.      FrameworkLTC® also offers a configurable and customizable design that allows LTC pharmacies to adapt the FrameworkLTC® platform to provide specific efficiencies and reporting functionality.

10.     SoftWriters has developed companion products to FrameworkLTC that integrate with FrameworkLTC, including FrameworkLink™, a web-based solution that allows LTC facility users to view and maintain patient profiles, place drug orders with their LTC pharmacies, maintain non-drug orders, print medical records and perform other administrative functions.

11.     FrameworkLink™ is a powerful communication tool between LTC facilities and the pharmacies that serve them.

12.     FrameworkLink™ is currently used by 60% of the SoftWriters' customer pharmacy base.

13.     IND is a company that provides, among other services, assistance to long term care pharmacies when transitioning to SoftWriters' FrameworkLTC® system from another software system and with data entry.

14.     In the work it performs in converting data for transitioning to SoftWriters' FrameworkLTC® system and in inputting data into FrameworkLink™, IND has full access to the software database for FrameworkLTC®.

15.     IND also has full access to the FrameworkLTC® data dictionary.

16.     For many years, SoftWriters worked collaboratively with IND and IND specifically advertises its familiarity and purported "proven expertise in Framework" products (http://www.indconsulting.com/#services) on its website.

17.     While SoftWriters' provides access to its software database to third-party data entry companies such as IND to assist their shared pharmacy customers, IND's services are paid by the pharmacies.  SoftWriters, however, has a confidentiality agreement in place with IND, as further discussed below.

## SOFTWRITERS' CONTRACTUAL RELATIONSHIP WITH IND

### The February 2010 Agreement

18.     On February 19, 2010, SoftWriters entered into a Confidentiality Agreement with IND in order for the latter to have access to confidential and proprietary information of SoftWriters and its customers to assist with data entry and data conversions (the "February 2010 Agreement").

19.     The February 2010 Confidentiality Agreement defined "Confidential Information" to "include all data, materials, products, technology, computer programs, specifications, manuals, data dictionaries, software, and other information disclosed or submitted, orally, in writing, or by any other media, to [IND]" by SoftWriters.  *See* Exhibit A at §1.

20.     With respect to the treatment of Confidential Information provided under the February 2010 Agreement, IND agreed that any "Confidential Information is to be considered confidential and proprietary to [SoftWriters] and [IND] shall disclose it only to its officers, directors, or employees with a specific need to know." *Id.* at §2.

21.     In the February 2010 Agreement, IND further agreed that it would "not disclose, publish or otherwise reveal any of the Confidential Information received from [SoftWriters] to any other party whatsoever except with the specific prior authorization of" SoftWriters. *Id.*

22.     For the sake of certainty, the February 2010 Agreement explicitly provided that "[n]othing contained herein shall be construed as granting or conferring any rights by license or otherwise in any Confidential Information."  *Id.* at §5.

23.     Thus, because IND's permitted access to, and use of, SoftWriters' confidential information was expressly limited to performing its obligations under the February 2010 Agreement, IND agreed "not to use any Confidential Information as a basis upon which to develop or have a third party develop a competing or similar product."  *Id.*

24.     Finally, the February 2010 Agreement provided that it would be governed and construed according to the laws of the Commonwealth of Pennsylvania and any dispute arising thereunder must be brought by a court located herein.  *Id.* at §8.

<u>The August 2010 Agreement</u>

25.     On August 30, 2010, SoftWriters entered into another Confidentiality Agreement with IND that was substantially identical to the February 2010 Agreement (the "August 2010 Agreement").

26.     Like the prior agreement, the August 2010 Agreement defined "Confidential Information" to "include all data, materials, products, technology, computer programs, specifications, manuals, data dictionaries, software, and other information disclosed or submitted, orally, in writing, or by any other media, to [IND]" by SoftWriters.  *See* Exhibit B at §1.

27.     With respect to the treatment of Confidential Information provided under the August 2010 Agreement, IND agreed that any "Confidential Information is to be considered confidential and proprietary to [SoftWriters] and [IND] shall disclose it only to its officers, directors, or employees with a specific need to know."  *Id.* at §2.

28.     In the August 2010 Agreement, IND again agreed that it would "not disclose, publish or otherwise reveal any of the Confidential Information received from [SoftWriters] to any other party whatsoever except with the specific prior authorization of" SoftWriters. *Id.*

29.     The August 2010 Agreement also explicitly provided that "[n]othing contained herein shall be construed as granting or conferring any rights by license or otherwise in any Confidential Information." *Id.* at §5.

30.     Thus, because IND's permitted access to, and use of, SoftWriters' confidential information was expressly limited to performing its obligations under the August 2010 Agreement, IND agreed "not to use any Confidential Information as a basis upon which to develop or have a third party develop a competing or similar product." *Id.*

31.     Finally, the August 2010 Agreement similarly provided that it would be governed and construed according to the laws of the Commonwealth of Pennsylvania and any dispute arising thereunder must be brought by a court located herein. *Id.* at §8.

<u>The 2017 Agreement</u>

32.     On February 24, 2017, SoftWriters and IND entered into a Non-Disclosure and Confidentiality Agreement. *See* Exhibit C (the "2017 Agreement").

33.     The 2017 Agreement defined "Confidential Information" to mean "all information of a confidential or proprietary nature," which "includes but is not limited to the following: (i) internal business information (including, but not limited to, information relating to strategic plans and practices, business training, marketing, promotional and sales plans and practices, cost, invoices, rate and pricing strictures, accounting and business methods); (ii) identities of individual requirements of, specific contractual arrangements with, and information

about, any of SoftWriters, Inc. or any of its affiliates, suppliers, distributors and customers and their confidential information; (iii) trade secrets, know-how, compilations of data and analyses, techniques, systems, formulae, research, records, reports, manuals, documentation, models, data and data bases relating thereto; (iv) inventions, innovations, improvements, developments, methods, designs, analysis, drawings, reports and all similar or related information (whether or not patentable); or (v) other information or thing that has economic value, actual or potential, from not being generally known to or not being readily ascertainable by proper means by other persons." *Id.* at §1.

34.     In the 2017 Agreement, IND again agreed that "[n]othing contained herein shall be construed as granting or conferring any rights by license or otherwise in any Confidential Information." *Id.* at §10.

35.     IND further agreed "not to use any Confidential Information as a basis upon which to develop or have a third party develop a competing or similar product." *Id.*

36.     Given the highly sensitive and proprietary nature of the information to be disclosed under the 2017 Agreement, IND also "acknowledge[d] and agree[d] that money damages many not be a sufficient remedy for any breach or threated breach of this Agreement." *Id.* at §12.

37.     Finally, the 2017 Agreement provides that it shall be governed and construed according the laws of the Commonwealth of Pennsylvania and granted exclusive jurisdiction to the courts residing herein.  *Id.* at §13.

IND INTRODUCES A COMPETITIVE PRODUCT USING SOFTWRITERS'
CONFIDENTIAL INFORMATION

38.     On June 21, 2017, a representative of IND (who is also a former MHA employee) contacted MHA.

39.     The purpose of the call was to arrange a meeting to discuss potential partnership opportunities in connection with a new product that IND had been developing called "INDView."

40.     Representatives of IND and MHA met on July 19, 2017 at MHA's offices in Florham Park, New Jersey.

41.     During the meeting on July 19, 2017, representatives of IND admitted that IND started developing a software product known as INDView in 2015.

42.     INDView interfaces with FrameworkLTC® and competes directly with FrameworkLink™.

43.     At the meeting, IND claimed that it developed INDView at the request of a few customers, that it had not yet broadly commercialized the product, but it intended to do so.

44.     IND also admitted that the development of INDView would not have occurred but for IND's direct connection and access to the SoftWriters' FrameworkLTC® database pursuant to the then-controlling August 2010 Agreement.

45.     Indeed, absent access to and knowledge of SoftWriters' FrameworkLTC® database, IND could not have developed a product to interface with FrameworkLTC®.

46.     IND admitted that it relied upon and utilized data that it extracted from SoftWriters' FrameworkLTC® database and its knowledge of FrameworkLink™ in order to create its own INDView product.

47.     In a subsequent conversation between IND and MHA, IND admitted that it used SoftWriters' confidential information in the development of INDView.

48.     Following these admissions, SoftWriters reviewed additional information about the INDView product and discovered that in addition to improperly accessing and using

SoftWriters' confidential data, the INDView product unlawfully replicates, publishes and copies the functionality and logic of FrameworkLink™, including the use of identical terminology and logic steps.

49.    SoftWriters demanded that IND cease and desist from further development, marketing and sale of INDView on the basis that INDView misappropriated proprietary information of Softwirters in the development of INDView and in breach of the confidentiality agreements between them, but IND has refused to do so.

## COUNT I
## <u>BREACH OF CONTRACT</u>
### (August 2010 Agreement)

50.    SoftWriters incorporates by reference Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.    SoftWriters and IND entered into the August 2010 Agreement wherein, under Paragraph 2, IND agreed to hold and maintain SoftWriters' confidential information and not to use such information for any purpose other than performing its obligations under the August 2010 Agreement.

52.    Under Paragraph 2 of the August 2010 Agreement, "Confidential Information" includes information concerning SoftWriters' direct connections, scheme, and structure of its database and also includes the SoftWriters' software that IND was granted access to in order to perform the data conversion work.

53.    IND admitted that it relied upon and utilized data that it extracted from SoftWriters' software and  SoftWriters' FrameworkLTC® database in order to create its own INDView product.

54.     In breach of this agreement, IND utilized SoftWriters' Confidential Information in order to develop, market and thereafter sell, a product that competes with SoftWriters in further breach of the August 2010 Agreement.

55.     SoftWriters at all times complied with its contractual obligations under the August 2010 Agreement.

56.     As a result of IND's breach of contract, SoftWriters suffered significant monetary damages in an amount to be proven at trial.

**COUNT II**
**BREACH OF CONTRACT**
**(2017 Agreement)**

57.     SoftWriters incorporates by reference Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     SoftWriters and IND entered into the 2017 Agreement wherein under paragraph 2, IND agreed to hold and maintain SoftWriters' confidential information and not to use such information for any purpose other than performing its obligations under the 2017 Agreement.

59.     In breach of this agreement, IND utilized SoftWriters' confidential information in order to develop, and thereafter sell, a product that competes with SoftWriters in further breach of the 2017 Agreement.

60.     SoftWriters, at all times, complied with its contractual obligations under the 2017 Agreement.

61.     As a result of IND's breach of contract, SoftWriters suffered significant monetary damages in an amount to be proven at trial.

## COUNT III
## UNJUST ENRICHMENT (IN THE ALTERNATIVE)

62.     SoftWriters incorporates by reference Paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63.     SoftWriters conferred a benefit upon IND by providing it with access to its confidential information conditioned on IND's covenant to maintain the confidentiality of the information and to refrain from using such information for any competitive purpose.

64.     IND's receipt of this information and use of this information in order to develop a product to compete with SoftWriters is inequitable and unconscionable under the circumstances.

65.     IND's use of SoftWriters' Confidential Information without just compensation to SoftWriters is inequitable and constitutes unjust enrichment to IND.

66.     As a result IND's unjust enrichment, SoftWriters has suffered and continues to suffer damages.

## COUNT IV
## UNFAIR COMPETITION

67.     SoftWriters incorporates by reference Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68.     By engaging in the above described conduct, including the unauthorized use of SoftWriters' confidential and proprietary information to develop a competing product, IND has engaged in unfair competition.

69.     IND's conduct is contrary to honest commercial practices.

70.     IND's conduct has been, and in the face of its continued use of Softwriters' confidential and proprietary information, is willful, intentional, and unprivileged,

and has caused (and will continue to cause) SoftWriters to suffer damages in an amount to be proven at trial.

WHEREFORE, Plaintiff SoftWriters, Inc. respectfully requests that this Court enter a judgment in its favor and against Defendant IND Consulting, LLC and award Plaintiff as follows:

A. Awarding SoftWriters, Inc. compensatory damages, including, but not limited to, requiring IND Consulting, LLC to account to, and pay over to SoftWriters, Inc., all profits it derived from its unfair competition;

C. Awarding punitive and/or exemplary damages;

D. Awarding costs expended in this action, including an award of reasonable attorney's fees;

E. Ordering IND Consulting, LLC to return and/or permanently destroy any Confidential Information of SoftWriters, Inc. in its possession, custody, and control;

F. Permanently enjoining IND Consulting, LLC and all others under its supervision or acting in concert with it, from accessing, disclosing, or otherwise using Confidential Information of SoftWriters, Inc.; and

G. Any such other and further relief as the Court deems just and appropriate.

## **REQUEST FOR JURY**

Plaintiff respectfully requests a jury trial on any issue so triable.

Date:  November 6, 2017          By:  */s/ John C. Hansberry*
                                      John C. Hansberry (PA I.D. No. 74721)
                                      hansberj@pepperlaw.com
                                      PEPPER HAMILTON LLP
                                      500 Grant Street, Suite 5000
                                      Pittsburgh, PA 15219-2507
                                      Tel:    (412) 454-5000
                                      Fax:    (412) 281-0717

                                      *Attorneys for Plaintiff, SoftWriters, Inc.*